# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA., | Criminal No. 11-150 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED AUGUST 22, 2011** |
| DENNIS GALE CHASE**,** | |
| Defendant. | |

Kimberly A. Svendsen, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Julius A. Nolen, **NOLEN LAW OFFICE**, 333 Washington Avenue North, Suite 300, Minneapolis, MN 55401, for defendant.

On May 2, 2011, Dennis Gale Chase was indicted on one count of receiving child pornography and two counts of possessing child pornography. Chase moved to suppress evidence obtained through the execution of a search warrant executed on his residence on September 9, 2009, as well as statements he made to officers on that day, on February 19, 2010, and on May 4, 2011. On August 22, 2011, United States Magistrate Judge Janie S. Mayeron issued a Report and Recommendation ("R & R") recommending that the Court deny both motions. Having reviewed *de novo* those portions of the Magistrate Judge's R

& R to which Chase objects,[1] *see* 28 U.S.C. § 636(b)(1)(C), D. Minn. L.R. 72.2, the Court adopts the R & R and denies Chase's motions to suppress.

## BACKGROUND[2]

Chase was indicted by a grand jury on May 2, 2011 for receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), and for possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4) and 2252(b)(2). Chase seeks to suppress evidence obtained during the execution of a search warrant on September 9, 2009 at his apartment in Winona, Minnesota. Chase also argues that subsequent search warrants (dated April 23, 2010 and May 18, 2010) were derived from evidence gathered as a result of the illegal September 9, 2009 search and must be suppressed as fruit of the poisonous tree, tainted by the first improper warrant.

The warrant executed on September 9, 2009 authorized a search of Chase's residence for internet billing and use records; records evidencing ownership or use of computers found at the residence; records evidencing occupancy of the residence; all depictions of minors engaged in sexually explicit conduct in any format or media; records

---

[1] The only indication that Chase might have intended to object to the Magistrate Judge's recommendation to deny Chase's Motion to Suppress Statements, Admissions, and Answers (Docket No. 26) is a footnote in Defendant's Objection to the Magistrate Judge's Report and Recommendation (Docket No. 37). The footnote states, "The defense is not briefing any issues relating to the statements taken from Mr. Chase and submits those issues on the record before the Court." Because this footnote appears to have been copied from the Defendant's Memorandum in Support of Motion to Suppress Physical Evidence (Docket No. 34), and there is no other indication that Chase objects to this portion of the Magistrate Judge's report, the Court does not construe this footnote as an objection to the Magistrate Judge's recommendation to deny the Motion to Suppress Statements, Admissions, and Answers.

[2] The Court only recites the facts necessary to rule on Chase's specific objections to the R & R. The R & R provides a full discussion of facts related to this case.

pertaining to the possession, receipt, distribution, transportation, or advertisement of visual depictions of minors engaged in sexually explicit conduct, which were transmitted or received using a computer or other means of interstate commerce; all computer passwords and other data security devices designed to restrict access to or to hide computer software, documentation, or data; and computers, computer storage media, and all related computer equipment. (Search Warrant at 5-6, Sept. 8, 2009, Docket No. 2.) FBI Special Agent Richard T. Holden filed an affidavit supporting the application for the search warrant. (Aff. of Richard T. Holden ¶ 1, Sept. 8, 2009, Docket No. 1.)

Between April 19, 2009 and June 22, 2009, Ning, Inc. ("Ning"), a social networking site, sent reports through CyberTipline to the National Center for Missing and Exploited Children ("NCMEC") indicating that screen name *2ekyttfju7s46* had uploaded twenty-six child exploitation videos to user groups within Ning. (*Id.* ¶ 30) Ning also indicated that the screen name *2ekyttfju7s46* was associated with the e-mail address ForWillieBoy@hotmail.com. (*Id.*)

On May 5, 2009, in response to an administrative subpoena requesting account and subscriber information for the e-mail address ForWillieBoy@hotmail.com, Hotmail provided information to the FBI indicating that the IP addresses were associated with Charter Communications.[3] (*Id.* at ¶ 31.) On May 11, 2009, in response to an administrative subpoena requesting account and subscriber information for the IP addresses listed in the Hotmail subpoena and reported from Ning, Charter Communications reported that the IP addresses were registered to Chase and identified

---

[3] Holden noted that an IP address identifies a computer to an internet service provider. (Holden Affidavit ¶ 9(m).)

the residential address Chase provided to Charter Communications. (*Id.* at ¶¶ 33-34.) An AutoTrack search confirmed that Chase resided at the address reported by Charter. (*Id.* ¶ 34.) On July 17, 2009, Holden conducted a surveillance of Chase's address and observed that "D. Chase XXX" was on the posted directory inside the apartment building.

In his affidavit, Holden stated that he had reviewed the information posted by *2ekyttfju7s46* on Ning,[4] and Holden provided detailed explanations of the child pornography videos that had been posted there. (*Id.* ¶¶ 35-37.) Holden also provided characteristics of child pornography collectors in his affidavit. Holden stated that computers have revolutionized the way child pornography is "produced, distributed, and utilized" and that computers are used for "production, communication, distribution, and storage" of child pornography. (*Id.* ¶¶ 10-11.) Holden noted computers are "an ideal repository for child pornography" (*id.* ¶ 13) and that "[c]hild pornography collectors almost always maintain and possess their material in the privacy and security of their homes . . . where it is readily available . . . [T]he collector rarely, if ever, disposes [of] the collection." (*Id.* ¶ 23-24.) Holden stated that even if a child pornography collector deleted files from his hard drive, a computer expert could still retrieve these files. (*Id.* ¶ 24.) According to Holden, material obtained from the internet may be stored on a computer multiple times so that a "thorough search" could "uncover evidence of receipt, distribution, and possession of child pornography." (*Id.* at ¶ 17.)

---

[4]This information had been downloaded onto two DVDs; Holden reviewed the information on the DVDs. (Holden Aff. ¶ 35.)

The Magistrate Judge found that this information "provided sufficient information to establish a fair probability that evidence of criminal activity related to child pornography" would be found at Chase's address. (R & R at 11, Docket No. 36.) Therefore, the Magistrate Judge determined that Chase's motion to suppress evidence obtained from the September 9, 2009 warrant should be denied. (*Id.* at 12.) Because Chase's motion to suppress the later-obtained warrants was based only on the allegation that the subsequent warrants were derivative fruits of the September 2009 warrant, the Magistrate Judge also recommended that Chase's motion to suppress these warrants be denied. (*Id.* at 12-13.)

## DISCUSSION

### I. MOTION TO SUPPRESS EVIDENCE

Chase objects to the Magistrate Judge's recommendation that the Court deny the motion to suppress evidence. Specifically, Chase argues that (a) the search warrant executed on September 9, 2009 was not supported by probable cause; (b) warrant was rendered stale because it was based on untimely information; and (c) since all of the subsequent warrants relied on information taken in the September 9, 2009 search, the evidence gathered from the execution of those warrants should be suppressed as well.

#### A. Probable Cause

"In the issuance of a Search Warrant, the Fourth Amendment dictates that an impartial, neutral, and detached Judicial Officer, will assess the underlying factual circumstances so as to ascertain whether probable cause exists to conduct a search, or to

seize incriminating evidence, the instrumentalities or fruits of a crime, or contraband." *United States v. Lowen*, No. 10-96, 2010 WL 2653224, at *8 (D. Minn. June 1, 2010). "Probable cause exists where there is a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Donnelly*, 475 F.3d 946, 954 (8th Cir. 2007) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "Whether probable cause . . . has been established is determined by considering the totality of the circumstances, and resolution of the question by an issuing judge 'should be paid great deference by reviewing courts.'" *United States v. Grant*, 490 F.3d 627, 631 (8th Cir. 2007) (quoting *Gates*, 462 U.S. at 236).

Chase asserts that there was not enough information in the warrant for a reasonable person to conclude that evidence of a crime might be found in his apartment or on his computers. However, the affidavit provided information that connected the uploading of child pornography to Ning to an e-mail address assigned to Chase. The affidavit connected Chase to his apartment in Winona, Minnesota. Furthermore, Holden's affidavit provided testimony that would allow a reasonable person to conclude Chase was likely to maintain pornography in the security of his home and on his home computer. The Court concludes probable cause existed to support the search warrant.

### B. Staleness

Chase argues that the search warrant was stale because the information received from Ning (upon which the September 9, 2009 search warrant was based) was stale. *See United States v. Brewer*, 588 F.3d 1165, 1173 (8th Cir. 2009) ("A warrant becomes stale if the information supporting [it] is not sufficiently close in time to the issuance of the

warrant and the subsequent search conducted so that probable cause can be said to exist as of the time of the search." (internal quotations omitted)). However, "[t]here is no bright-line test for determining when information is stale . . . [T]ime factors must be examined in the context of a specific case and the nature of the crime under investigation." *United States v. Estey*, 595 F.3d 836, 840 (8th Cir. 2010) (omission original, internal quotation marks omitted).

The Eighth Circuit has previously concluded that "evidence developed within several months of an application for a search warrant for a child pornography collection and related evidence is not stale." *Id.* The September 2009 search warrant affidavit asserts that individuals who collect child pornography seldom dispose of their materials. *See United States v. Horn*, 187 F.3d 781, 786 (8th Cir. 1999) ("[T]he lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated."). Courts consistently uphold child pornography warrants where the delay in executing the warrant is even longer than the period at issue in this case. *See, e.g.*, *United States v. Davis*, 313 Fed. App'x 672, 674 (4th Cir. 2009) (one year); *United States v. Lacy*, 119 F.3d 742, 745-46 (9th Cir. 1997) (ten months). The Court finds that the lapse between the collection of information supporting the warrant and its execution did not render the warrant stale.

### C. Subsequent Warrants

Chase asserts that physical evidence obtained during the execution of warrants subsequent to the execution of the September 9, 2009 warrant should also be excluded. The only basis for challenging these subsequent warrants is that these warrants relied on

information taken in the September 2009 search. Because the Court finds the September 2009 search to be based on a properly issued warrant, the Court will deny Chase's motion to suppress evidence from the subsequent searches.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Chase's objections to the Report & Recommendation [Docket No. 37], and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated August 22, 2011 [Docket No. 36]. Therefore, **IT IS HEREBY ORDERED** that:

1.  Defendant's Motion to Suppress Physical Evidence [Docket No. 25] is **DENIED**.

2.  Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 26] is **DENIED**.

DATED: October 18, 2011  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge